An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-164

Filed 1 October 2025

Cleveland County, Nos. 16CRS001176-220 16CRS001177-220 16CRS052305-220

STATE OF NORTH CAROLINA

v.

MARQUISE SANTONIO BEAM, Defendant.

Appeal by defendant from judgments entered 28 June 2024 by Judge Sarah E. Kirby-Turner in Cleveland County Superior Court. Heard in the Court of Appeals 6 August 2025.

> *Attorney General Jeff Jackson, by Special Deputy Attorney General Colleen M. Crowley, for the State.*

> *Drew Nelson for Defendant-Appellant.*

PER CURIAM.

Marquise Santonio Beam ("Defendant") appeals from judgments entered upon jury verdicts convicting him of numerous felonies arising out of an incident where he fired a weapon at an individual.

On appeal, Defendant argues the trial court committed plain error by instructing the jury on the theory of transferred intent. Indeed, the indictment

charged that Defendant "willfully and feloniously did assault [the injured victim] with a … deadly weapon, with the intent to kill and inflicting serious bodily injury." At trial, however, evidence showed that Defendant intended to shoot someone else, the State argued that Defendant was guilty of the crime for which he was indicted even though his intent was to shoot someone other than the injured victim, and the State instructed the jury that it could convict Defendant if he intended to kill someone other than the injured victim.

Our appellate courts have held that the doctrine of transferred intent may be given to support a specific intent crime where the defendant intended to harm another person and not the actual victim. *See, e.g., State v. Locklear*, 331 N.C. 239, 245 (1992); *State v. Andrews*, 154 N.C. App. 553, 558–59 (2002); *State v. Mebane*, No. COA10-447, 2011 N.C. App. LEXIS 464, at *14–15 (N.C. Ct. App. Mar. 15, 2011) (unpublished). Based on the reasoning of these decisions, we conclude Defendant has failed to meet his high burden of showing plain error. *See State v. Reber*, 386 N.C. 153 (2024).

NO ERROR.

Panel consisting of Chief Judge DILLON and Judges GORE and CARPENTER.

Report per Rule 30(e).